**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | |
|---|---|
| Erica Anne Prescott, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> Nancy A. Berryhill, ) <br> Acting Commissioner of Social Security,[1] ) <br> ) <br> ) <br> Defendant. ) <br> _____ ) | C/A No. 4:16-cv-01161-MBS <br><br><br> **OPINION AND ORDER** |

This is an action brought pursuant to Section 205(g) of the Social Security Act (the "Act"), codified as amended at 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security ("Commissioner").

## I. PROCEDURAL HISTORY

Plaintiff Erica Anne Prescott ("Plaintiff") protectively filed an application for Disability Insurance Benefits ("DIB") on November 4, 2014, alleging disability beginning on March 20, 2011. R. 9. She amended her onset date to April 27, 2013.[2] R. 326. Her application was denied initially on March 12, 2015, and upon reconsideration on July 10, 2015. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on December 10,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security Administration and is hereby substituted for Carolyn W. Colvin, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.
[2] Plaintiff's prior application for DIB benefits was denied on April 26, 2013. After this denial, Plaintiff amended her onset date to April 27, 2013. R. 9.

2015, at which Plaintiff and a vocational expert testified. R. 9. The ALJ issued a decision dated January 12, 2016, in which she concluded that Plaintiff was not "disabled" as defined in the Social Security Act. R. 9-24. Accordingly, the ALJ determined that Plaintiff was not entitled to disability insurance benefits under Sections 216(i) and 223(d) of the Social Security Act. Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on March 9, 2016. R. 1-4. Thus, the decision of the ALJ became the "final decision" of the Commissioner. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for a Report and Recommendation. On May 23, 2017, the Magistrate Judge filed a Report and Recommendation in which he recommended that the Commissioner's decision to deny benefits be affirmed. ECF No. 21. Plaintiff filed objections to the Report and Recommendation on June 6, 2017. ECF No. 23. The Commissioner filed a response to Plaintiff's objections on June 15, 2017. ECF No. 25.

This matter now is before the court for review of the Magistrate Judge's Report and Recommendation. The court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28. U.S.C. § 636(b).

## II. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be

conclusive . . . ." 42 U.S.C. § 4059(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## III.    DISCUSSION

Plaintiff was forty-six years old at the time of her hearing before the ALJ regarding her application for DIB. R. 23. She graduated from college with a BA degree in legal studies. R. 35-36. Plaintiff worked as a paralegal until she was laid off in May 2010. R. 36. She then worked as a substitute teacher until June 2013. R. 243. The ALJ found that Plaintiff had the following severe impairments: "affective disorder, anxiety disorder, and diffuse disease of connective

3

tissues," but "claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1." R. 11-12. The ALJ found that Plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR § 404.1567(b) except climb ladders; ropes; scaffolds; concentrated exposure to extreme cold; and is limited to occasional interaction with the general public." R. 14. Lastly, the ALJ found that, even with these limitations, Plaintiff could perform a number of jobs in the national economy. R. 23-24. Plaintiff asserts specific objections to the Report and Recommendation. The court will review each of these objections in turn.

### A. Objection One: Plaintiff's Credibility

Plaintiff objects to the Magistrate Judge's finding that the ALJ properly evaluated Plaintiff's credibility and adequately reviewed the record. ECF No. 23 at 1. The ALJ found

> [C]laimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

R. 16. Plaintiff argues that the ALJ's credibility determination does not take into account the entire record and gives heavier weight to a few medical visits. ECF No. 23 at 1. Plaintiff claims that the Magistrate Judge "[f]ails to deal with any of these errors" and improperly finds that "[t]he ALJ conducted the proper credibility analysis and cited substantial evidence to support her credibility finding." ECF No. 23 at 3-4. Plaintiff concedes that "[t]he ALJ discussed the medical evidence in great detail," but disputes the weight given to the medical evidence. ECF No. 23 at 4. Plaintiff alleges that the ALJ gave more weight to scattered medical evidence, without an explanation for the weight given, that was inconsistent with the totality of the evidence. ECF No. 23 at 4. The court finds Plaintiff's objection is without merit.

4

Plaintiff focuses on one medical report that the ALJ claims to have relied on: Plaintiff's May 27, 2014, medical visit to Ms. El-Taher. ECF No. 23 at 1-2. The ALJ found Plaintiff's statement to Ms. El-Taher that "her quality of life was good, quality of diet was good, and she exercised frequently [is] inconsistent with her allegations of ongoing symptoms of disabling severity throughout the relevant period." R. 16, 361. Plaintiff disputes this conclusion and points to a letter written by Ms. El-Taher the following day, May 28, 2014, which states, "[Plaintiff] had very limited use of her hands and has great difficulty with walking." R. 372. Plaintiff argues this letter was ignored by the ALJ. ECF No. 23 at 2. After reviewing the record, the court finds that the ALJ did not ignore but discounted Ms. El-Taher's medical opinion based upon Plaintiff's normal physical examinations throughout the relevant period. *See* R. 18.

The ALJ reviewed and discussed in detail the ambiguities in the record regarding Plaintiff's May 27, 2014, medical visit to Ms. El-Taher, a nurse practitioner at John Hopkins Community Physicians. R. 17-18, 372. The ALJ found Ms. El-Taher's opinion was inconsistent with her own examination of Plaintiff. R. 17-18. As noted above, Ms. El-Taher asserted Plaintiff had "[v]ery limited use of her hand and great difficulty walking." R. 372. However, Ms. El-Taher reported Plaintiff had "normal range of motion and strength in limbs with no significant arthropathy." R. 18. Furthermore, the ALJ noted the extreme limitations listed in Ms. El-Taher's medical opinion were "inconsistent with Plaintiff's May 2014 statement to Ms. El-Taher that her quality of life was good and [she] exercised frequently." R. 18. The ALJ considered Ms. El-Taher's medical opinion even though Ms. El-Taher is not an "acceptable medical source" pursuant to 20 CFR § 404.1513(a). R. 18. In concluding, the ALJ found that Ms. El-Taher's opinion provided "little insight into the severity of the [Plaintiff's] impairments and how they affect her ability to function," and therefore she accorded little weight to the opinion. R. 18.

Plaintiff further contends the ALJ ignored all other medical evidence from John Hopkins Community Physicians that documented Plaintiff's symptoms of mixed connective tissue disorder. ECF No. 23 at 2. In her objections to the Report and Recommendation, Plaintiff included examples of ignored medical evidence such as: (1) painful swollen right knee with locking up and muscle joint pain on October 18, 2013; (2) positive lab results ANA factor, Heberden's nodes on finger joints, and tender points on muscles upon exam on October 21, 2013; and (3) difficulty closing her fingers to make a fist on November 15, 2013. ECF No. 23 at 2. The record demonstrates that, overall, the ALJ reviewed Plaintiff's medical visits of 2013 in determining Plaintiff's residual functional capacity. R. 17-18.

Additionally, Plaintiff argues that her symptoms cannot be verified by a physical examination and multiple blood tests over the years confirm a diagnosis for mixed connective tissue disease. ECF No. 23 at 3. Plaintiff asserts that her symptoms are consistent with this disease, which provides a valid explanation for why medical providers believed her symptoms and limitations. ECF No. 23 at 3. The ALJ noted Plaintiff's symptoms of mixed connective tissue disease and found that the disease appeared to respond to treatment. R. 19. In addition, the ALJ indicated that she "included the restriction against concentrated exposure to extreme cold in the residual functional capacity based on Dr. Bhargava's recommendation that [Plaintiff] should avoid cold exposure." R. 19. Plaintiff claims the ALJ applied "[h]er own medical judgment in dismissing both the claimant's complaints and medical opinions because certain symptoms cannot be documented by physical examination." ECF No. 23 at 3.

In making a credibility determination of a claimant's allegations of pain, the Fourth Circuit has set forth a two-part test: (1) a plaintiff must make a threshold showing of a "medically determinable impairment which could reasonably be expected to cause . . . the pain

6

that the claimant alleges [she] suffers;" and (2) "the intensity and persistence of the claimant's pain, and the extent to which it affects [her] ability to work, must be evaluated." *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996) (internal quotations omitted). Under the first prong, the ALJ acknowledges that Plaintiff's medically determinable impairments "could reasonably be expected to cause [Plaintiff's] alleged symptoms." R. 16. However, despite Plaintiff's threshold showing, the ALJ evaluated Plaintiff's allegations of pain and found them to be "not entirely credible." R. 16. The ALJ compared Plaintiff's statements with medical evidence and treatment history from the case record and found inconsistencies. *See Felton-Miller v. Astrue*, 459 F. App'x 226, 229 (4th Cir. 2011) ("Factors in evaluating the claimant's statements include consistency in the claimant's statement, medical evidence, medical treatment history, and adjudicator's observation of the claimant."). The ALJ highlighted the following pieces of evidence as being inconsistent with Plaintiff's statements: treatment notes showed no more than mild to moderate abnormalities inconsistent with Plaintiff's allegations of symptoms of incapacitating severity; Plaintiff's condition was improving overall with treatment; numerous medical reports noted Plaintiff's medical examinations as generally unremarkable; and adverse medication side effects were adjusted accordingly. R. 18-20.

It is not the role of this court to review the evidence relied upon by the ALJ and make an alternative credibility determination; rather, it is the role of this court to determine if the ALJ relied on substantial evidence in making a credibility determination. *See Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) ("In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [Commissioner].").

The record demonstrates that, overall, the ALJ does not ignore Plaintiff's limitations and takes these limitations into account at arriving at a recommendation for light work. R. 14. Moreover, the ALJ's conclusions are based on more than just her consideration of Plaintiff's daily activities, but are also based on the weight of the evidence in medical records and treatment notes. For example, the ALJ explained little weight was accorded to Ms. El-Taher's medical opinion, because her opinion was based on examining the Plaintiff on only one occasion and examinations showed inconsistency with her report. R. 18. Therefore, the court finds that the ALJ's conclusions regarding Plaintiff's credibility are supported by substantial evidence.

### B. Objection Two: Combination of Plaintiff's Impairments

Plaintiff objects to the Magistrate Judge's finding that the ALJ considered the cumulative effect the impairments had on Plaintiff's ability to work. ECF No. 23 at 10. Plaintiff argues that the ALJ failed to state how Plaintiff's "particular combination of impairments affected her ability to perform work-related activities." ECF No. 23 at 5. The Magistrate Judge concedes that the ALJ did not perform this step, but found that the ALJ's written decision as a whole reflects she considered the combined effects of Plaintiff's impairments. ECF No. 21 at 23. The Magistrate Judge further found that although the ALJ did not mention Plaintiff's impairments cumulatively, the ALJ's decision was harmless error. ECF No. 21 at 23-25. The court finds no merit in Plaintiff's objection.

The Fourth Circuit in *Walker v. Brown*, 889 F.2d 47, 50 (4th Cir. 1989), set the standard for considering and explaining the combined effect of impairments, stating, "the [ALJ] must consider the combined effect of a claimant's impairments and not fragmentize them, . . . [and] [t]he [ALJ] must adequately explain his or her evaluation of the combined effects of the impairments." In interpreting *Walker*, the court in *Brown* stated

> [T]he adequacy requirement of Walker is met if it is clear from the decision as a whole that the Commissioner considered the combined effect of a claimant's impairments. Most importantly, when multiple impairments are present, this Court must be satisfied that the Commissioner's decision regarding disability is not founded on a fragmentized analysis of those impairments.

2012 WL 3716792 at *6. *Brown* found that the ALJ's determination of residual functional capacity is "key to the analysis" of whether the ALJ considered the combined effect of impairments. *Id*. "A finding that [the ALJ's] analysis here was fragmentized would impose a standard too strict to remain within the scope of this court's mission under § 405(g), which mandates great discretion to the Commissioner." *Brown*, 2012 WL 3716792 at *7.

Here, the ALJ went through each alleged impairment and reviewed the medical records. R. 14-22. The ALJ discussed both Plaintiff's physical and mental impairments along with medical evidence in her residual functional determination. R. 14-22. The ALJ noted that each impairment was either controlled by medications or not as severe as Plaintiff alleged. R. 14-22. Specifically, the ALJ discussed in detail any conflicting evidence and gave explanations on how she analyzed that issue. R. 18, 21. The ALJ's residual functional determination demonstrates that she considered the combined effects of the impairments, by limiting Plaintiff "to perform light work . . . except "climb ladders; ropes; or scaffolds; no concentrated exposure to extreme cold; and by limiting [Plaintiff] to occasional interaction with the general public." R. 14.

While the ALJ did not explicitly state that she considered Plaintiff's impairments cumulatively, the ALJ noted that she considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence, other evidence . . . [a]nd opinion evidence." R. 14. The ALJ then proceeded to evaluate both physical and mental medical records separately and in combination. R. 14-22. The court concludes that

the Magistrate Judge did not err in finding the ALJ's decision considered Plaintiff's combination of impairments and declines to disturb the ALJ's determination.

## IV. CONCLUSION

After reviewing the entire record, the applicable law, the briefs of counsel, the findings and recommendations of the Magistrate Judge, and Plaintiff's objections, this court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons set out hereinabove and in the Report and Recommendation, the Commissioner's final decision of no disability is affirmed.

IT IS SO ORDERED.

    s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
Senior United States District Judge

Dated: September 27, 2017